UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEON DALEY, | NO. EDCV 10-01203 SJO (SS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER DISMISSING** |
| UNITED STATES OF AMERICA, et al., | **FIRST AMENDED COMPLAINT WITH** |
| Defendants. | **LEAVE TO AMEND** |

Plaintiff, a federal prisoner proceeding pro se, filed his First Amended Complaint pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (the "First Amended Complaint" or "FAC") on February 9, 2011, against eleven named employees and one unnamed employee at the Federal Correctional Complex ("FCC") Victorville and the United States of America. For the reasons stated below, the First Amended Complaint is dismissed with leave to amend.

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This

Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff sues the following defendants: 1) J.L. Norwood, "Warden and Chief Executive Officer" at FCC Victorville; 2) Gibbs, "Associate Warden of USP Victorville"; 3) Johnson, "former Food Service Administrator" at FCC Victorville; 4) R. Cortez, "Food Service Administrator" at FCC Victorville; 5) J. Hess, "Assistant Food Service Administrator" at FCC Victorville; 6) S. Bentley, "Assistant Food Service Administrator" at FCC Victorville; 7) Navaro, "Cook Supervisor" at FCC Victorville; 8) Vega, "Cook Supervisor" at FCC Victorville; 9) Aguilar, "Cook Supervisor" at FCC Victorville; 10) Cosby, "Cook Supervisor" at FCC Victorville; 11) Fornsworth, "Cook Supervisor" at FCC Victorville; 12) "John Doe," "Cook Supervisor" at FCC Victorville; and 13) the United States of America. (FAC at 3-5). Plaintiff asserts that all the individually-named defendants and the John Doe defendant (collectively, the "FCC Defendants") were deliberately indifferent to his religious dietary needs. Specifically, Plaintiff claims that the FCC Defendants served or authorized others to serve non-kosher foods to Plaintiff even though he is a "Certified Religious Diet" participant. (Id. at 18-23). The FCC Defendants are sued in both their individual and official capacities. (Id. at 5). Plaintiff asserts that defendant

2

United States of America failed to properly train and supervise its employees and is therefore liable under the Federal Tort Claims Act ("FTCA"). (Id. at 23).

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's First Amended Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.[1]

**A. The Claims Against The FCC Defendants In Their Official Capacities Are Defective**

Plaintiff is suing defendants Aguilar, Bentley, Cortez, Cosby, Fornsworth, Gibbs, Hess, Johnson, Navaro, Norwood, and Vega and the John Doe defendant for monetary damages pursuant to Bivens in their individual and official capacities. (FAC at 5, 24-25). The Court finds that the official capacity claims cannot proceed.

Official capacity claims are another way of pleading an action against an entity of which an officer is an agent, i.e., suits against federal officials in their official capacity should therefore be treated

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

3

as suits against the United States. <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985) (a suit against an officer or employee of the United States in his official capacity is essentially a suit against the United States and, therefore, must be dismissed absent explicit statutory consent to sue). However, "an individual may not maintain a <u>Bivens</u> action for monetary damages against the United States." <u>Daly-Murphy v. Winston</u>, 837 F.2d 348, 356 (9th Cir. 1987). Accordingly, Plaintiff's claims against the FCC Defendants in their official capacity are defective. These defendants may only be sued under <u>Bivens</u> in their "individual" capacity.

**B.  The First Amended Complaint Fails To Allege That Plaintiff Satisfied The FTCA's Administrative Exhaustion Requirement**

The Federal Tort Claims Act expressly prohibits any action from being instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). This administrative exhaustion requirement is mandatory and jurisdictional. <u>See</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Plaintiff bears the burden of establishing jurisdiction under the Federal Tort Claims Act. <u>See</u> <u>Industrial Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1092 (9th Cir. 1990). This Court lacks jurisdiction over Plaintiff's FTCA claims unless he specifically alleges compliance with

the FTCA's administrative exhaustion requirement. See Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted). A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite. Id.

Plaintiff fails to allege that he presented his tort claim, for failure to train and supervise, to the appropriate Federal Agency. (FAC at 23). Accordingly, this claim is dismissed with leave to amend. Plaintiff is cautioned that he should not name the United States as a defendant in the Second Amended Complaint unless he can plead that he properly exhausted his administrative remedies as to the tort claim alleged in his complaint.

**CONCLUSION**

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Second Amended Complaint, curing the defects in the First Amended Complaint described above. The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior Complaint. **The caption of any Amended Complaint must identify all parties that Plaintiff is suing.** Each page of the Second Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** The allegations against the many defendants named in the First Amended Complaint do not always clearly describe each individual defendant's personal involvement in the acts which Plaintiff claims harmed him. Plaintiff should make clear which defendant personally committed each specific act of misconduct. Individuals who have not engaged in any alleged misconduct in their personal capacity should not be named as defendants. Furthermore, to facilitate service of the complaint, each defendant should be identified as completely as possible, preferably by first and last name.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A sample notice is attached to this order as well.**

DATED: April 29, 2011

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE