**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAMEON DALEY,<br><br>         Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>         Defendants. | NO. CV 10-1203 SJO (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING**<br>**SECOND AMENDED COMPLAINT WITH**<br>**LEAVE TO AMEND** |

Plaintiff, a federal prisoner proceeding pro se, filed his Second Amended Complaint alleging violations of the Religious Freedom Restoration Act of 1993 pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (the "Second Amended Complaint" or "SAC") on June 3, 2011, against ten named employees and one unnamed employee at the Federal Correctional Complex ("FCC") Victorville.[1] For the reasons stated below, the Second Amended Complaint is dismissed with leave to amend.

---

[1] The Victorville Federal Correctional Complex (FCC) consists of three main facilities: FCI Victorville Medium I, FCI Victorville Medium II, and USP Victorville. The Court will refer to all three facilities as the FCC.

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues the following defendants: 1) J.L. Norwood, "Regional Director" and "Warden" at FCC; 2) Johnson, "former Assistant Food Service Administrator" at FCC; 3) S. Bentley, "Assistant Food Service Administrator" at FCC; 4) R. Cortez, a "Food Service Administrator" acting as a "law enforcement official" at FCC; 5) J. Hess, "Asst. Food Service Administrator" acting as a "law enforcement official" at FCC; 6) Fornsworth, "Cooks Supervisor" at FCC; 7) Cosby, "Cooks Supervisor" at FCC; 8) Aguilar, "Cooks Supervisor" at FCC; 9) Vega, "Cooks Supervisor" at FCC; 10) Navaro, "Cooks Supervisor" at FCC; and 11) John Doe, "Cooks Supervisor" at FCC. (SAC at 3-7).

Plaintiff asserts that all the individually-named defendants and the John Doe defendant (collectively, the "FCC Defendants") were deliberately indifferent to his religious dietary needs. (SAC at 9-23). Specifically, Plaintiff claims that the FCC Defendants served or authorized others to serve non-kosher foods to Plaintiff even though he

is a "Certified Religious Diet" participant in violation of "[P]laintiff's First and Eight (sic) Amendment rights and his statutory rights under the RFRA [Religious Freedom Restoration Act]." (Id.). Defendants Norwood, Cortez, and Hess are sued in both their individual and official capacities. (Id. at 3-4). Plaintiff claims to be suing Norwood "in his official capacity only for injunctive relief and only under the Federal Tort Claims Act (FTCA) as defendant has consented to be sued for personal injury pursuant to the FTCA." (Id. at 8). However, Plaintiff later also claims to be suing Defendants Norwood, Cortez, and Hess "in their individual capacities only, for both compensatory and punitive damages, pursuant to 28 U.S.C. 1331." (Id. at 8). Defendants Johnson, Bentley, Fornsworth, Cosby, Aguilar, Vega, Navaro, and Doe are sued in their individual capacity only. (Id. at 3, 5-8).

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Second Amended Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.[2]

//

//

---

[2] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

3

**The Claims Against The FCC Defendants In Their Official Capacities Are Defective**

Plaintiff is suing defendants Norwood, Cortez, and Hess in both their individual and official capacities. (SAC at 3-4).[3] Plaintiff also seeks "[a]n injunction ordering defendant Norwood and or his successor in office to provide [P]laintiff with a certified kosher vegan diet[,]" as well as "[c]ompensatory damages for physical and emotional injuries suffered, and punitive damages against each defendant." (Id. at 24). The Court finds that the official capacity claims cannot proceed.

Official capacity claims are another way of pleading an action against an entity of which an officer is an agent, i.e., suits against federal officials in their official capacity should therefore be treated as suits against the United States. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (a suit against an officer or employee of the United States in his official capacity is essentially a suit against the United States and, therefore, must be dismissed absent explicit statutory consent to sue). However, "an individual may not maintain a Bivens action for monetary damages against the United States." Daly-Murphy v. Winston, 837 F.2d 348, 356 (9th Cir. 1987). Accordingly, Plaintiff's claims against the FCC Defendants in their official capacity are defective. These defendants may only be sued under Bivens in their "individual" capacity.

---

[3] As noted above, Plaintiff claims to be suing defendants Norwood, Cortez, and Hess in both their individual and official capacities, as well as only in their individual capacities. (Compare SAC at 3-4 with SAC at 8).

4

Furthermore, to the extent Plaintiff seeks injunctive relief against Norwood, such relief is now moot, given that Plaintiff no longer resides at the institution where Norwood serves as Warden.[4]  Accordingly, the "official capacity" claims must be dismissed.  If Plaintiff files another amended complaint and includes such claims, the Court advises that it will issue a Report and Recommendation, recommending that such claims be dismissed with prejudice.

## CONCLUSION

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Third Amended Complaint, curing the defects in the Second Amended Complaint described above.  The Third Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Third Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to the previously filed complaints.  **The caption of any Amended Complaint must identify all parties that Plaintiff is suing**.  Each page of the Third Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that

---

[4]  Plaintiff noted that "he departed FCC Victorville on November 12, 2009."  (SAC at 20).

the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** The allegations against the many defendants named in the Second Amended Complaint do not always clearly describe each individual defendant's personal involvement in the acts which Plaintiff claims harmed him. Plaintiff should make clear which defendant personally committed each specific act of misconduct. Individuals who have not engaged in any alleged misconduct in their personal capacity should not be named as defendants. Furthermore, to facilitate service of the complaint, each defendant should be identified as completely as possible, preferably by first and last name. Plaintiff is advised that claims against "Doe" defendants are disfavored and will be dismissed if Plaintiff does not take adequate and prompt steps to determine the identity of the Doe defendants.

      **Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A sample notice is attached to this order as well.**

DATED:   July 20, 2011             /S/
                                SUZANNE H. SEGAL
                         UNITED STATES MAGISTRATE JUDGE