UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEON DALEY, | NO. CV 10-1203 SJO (SS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER DISMISSING** |
| UNITED STATES OF AMERICA, et al., | **THIRD AMENDED COMPLAINT WITH** |
| Defendants. | **LEAVE TO AMEND** |

Plaintiff, a federal prisoner proceeding pro se, filed his Third Amended Complaint alleging violations of the Religious Freedom Restoration Act of 1993 pursuant to _Bivens v. Six Unknown Agents_, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (the "Third Amended Complaint" or "TAC") on August 11, 2011, against eleven named employees at the Federal Correctional Complex ("FCC") Victorville.[1]  For the

---

[1] The Victorville Federal Correctional Complex (FCC) consists of three main facilities: FCI Victorville Medium I, FCI Victorville Medium II, and USP Victorville.  The Court will refer to all three facilities as the FCC.

reasons stated below, the Third Amended Complaint is dismissed with leave to amend.[2]

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff sues the following defendants: 1) J.L. Norwood, "Regional Director" and "Warden" at FCC; 2) Johnson, "former Assistant Food Service Administrator" at FCC; 3) S. Bentley, "Assistant Food Service Administrator" at FCC; 4) R. Cortez, a "Food Service Administrator" acting as a "law enforcement official" at FCC; 5) J. Hess, "Asst. Food Service Administrator" acting as a "law enforcement official" at FCC; 6) Fornsworth, "Cooks Supervisor" at FCC; 7) Cosby, "Cooks Supervisor" at FCC; 8) Aguilar, "Cooks Supervisor" at FCC; 9) Vega, "Cooks Supervisor" at FCC; 10) Navaro, "Cooks Supervisor" at FCC; and 11) Gibbs, "Associate Warden" at FCC. (TAC at 3-6).

---

[2] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2

Plaintiff asserts that all the individually-named defendants (collectively, the "Defendants") were deliberately indifferent to his religious dietary needs. (TAC at 8-13). Specifically, Plaintiff claims that the FCC Defendants served or authorized others to serve non-kosher foods to Plaintiff even though he is a "Certified Religious Diet" participant in violation of "[P]laintiff's First and Eight (sic) Amendment rights and his statutory rights under the RFRA [Religious Freedom Restoration Act]." (Id.). All FCC Defendants are sued in their individual capacity. (Id. at 3-6).

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Third Amended Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.  To The Extent Plaintiff Is Suing Defendants For Their Decisions Regarding Plaintiff's Administrative Grievance, Plaintiff Fails To State A Claim**

Plaintiff alleges claims against Defendants Hess, Johnson, Cortez, Gibbs, and Norwood for denying his Internal Resolution Attempt Forms (BP-8) and "Inmate to Staff Requests." (TAC at 11). Additionally, Plaintiff asserts that Food Service Administration Unit Manager, S. Merlack, issued a response "upholding the food service department's CRD

3

1  practice." (Id. at 12). Plaintiff further claims that he filed an
2  Administrative Remedy Request (BP-9), and "[D]efendant Norwood upheld
3  the food service department's CRD practice." (Id.). Construing
4  Plaintiff's allegations liberally, it appears he is attempting to sue
5  these defendants, in part, based upon his dissatisfaction with their
6  resolution of various administrative grievances.

8      The Ninth Circuit has held that "inmates lack a separate
9  constitutional entitlement to a specific prison grievance procedure."
10 Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v.
11 Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also Geiger v. Jowers,
12 404 F.3d 371, 374 (5th Cir. 2005) (holding that an inmate "does not have
13 a federally protected liberty interest in having . . . grievances
14 resolved to his satisfaction"); Antonelli v. Sheahan, 81 F.3d 1422, 1430
15 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to
16 a grievance procedure is a procedural right, not a substantive one.
17 Accordingly, a state's inmate grievance procedures do not give rise to
18 a liberty interest protected by the Due Process Clause.").

20     Consequently, Plaintiff has no due process right to have the
21 officials involved in his administrative appeal reach a specific
22 decision or follow specific procedures. Plaintiff's allegations against
23 Defendants arising out of their role in adjudicating his grievances fail
24 to state a claim. These claims must be dismissed.

**B.   To The Extent Plaintiff Sues Gibbs Or Norwood Simply Because They Are The Warden And Assistant Warden, Plaintiff Fails To State A Claim**

According to Plaintiff, Gibbs and Norwood "deprived him from adhering to the mandated dietary laws and practice of his Rastafarian belief by knowingly and intentionally authorizing and or allowing the food service departments at [FCC] to violate the BOP's CRD policy, and routinely serv[ing] Plaintiff non-kosher rotten, and pork contaminated foods."  (TAC at 10).

Plaintiff must establish that Defendants had personal involvement in the civil rights violation or that their action or inaction caused the harm suffered.  Starr v. Baca, ___ F.3d ___, 2011 WL 2988827 at *2 (9th Cir. July 25, 2011) (finding supervisor deliberately indifferent because there was no "obvious alternative explanation" for not intervening when informed of numerous violations of inmate's civil rights) id. at *14; see also Arnett v. Webster, ___ F.3d ___, 2011 WL 4014343 at *12 (9th Cir. Sept. 12, 2011) (finding that supervisor must know about wrongful conduct and facilitate or condone it).  To be held liable, a defendant has to personally take some action against the plaintiff or "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff.  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted).

Plaintiff fails to allege facts that show that the Warden and Assistant Warden personally participated in the constitutional

violations. Instead, it appears that employees of the food service were more directly involved, based upon Plaintiff's allegations. Accordingly, the Warden and Assistant Warden do not appear to be proper defendants in this action.

## CONCLUSION

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Fourth Amended Complaint, curing the defects in the Third Amended Complaint described above. The Fourth Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Fourth Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the previously filed complaints. **The caption of any Amended Complaint must identify <u>all</u> parties that Plaintiff is suing.** Each page of the Fourth Amended Complaint must be consecutively numbered. Plaintiff is advised that he is only required to allege a <u>short and concise</u> statement of his claims. If the Court has advised Plaintiff of defects in certain claims, he shall either correct those defects or, if they are not correctable, he shall not again allege defective claims.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Further, the allegations against some defendants in the Third Amended Complaint do not always clearly

state a claim.  **Additionally, individuals who have not engaged in any alleged misconduct in their personal capacity should not be named as defendants.**

**Plaintiff is explicitly cautioned that failure to timely file a Fourth Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**  Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A sample notice is attached to this order as well.**

DATED:   September 28, 2011                    /S/
                                      SUZANNE H. SEGAL
                                UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**

7